UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANULFO IRIAS GALEANO,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN ETC., INC.,<br><br>    Defendant. | Case No. 16-cv-0033-PJH<br><br>**ORDER GRANTING MOTION TO REMAND** |

    Before the court is the motion of plaintiff Ranulfo Irias Galeano for an order remanding the above-entitled action to the Superior Court of California, County of San Mateo. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

    This is a wage and hour case, alleging seven causes of action under California law, and filed as a proposed class action on August 3, 2015. On January 4, 2016, defendant American Etc. d/b/a Royal Laundry ("Royal Laundry") removed the case asserting preemption under § 301 of the Labor Management Relations Act ("LMRA"). Plaintiff argues that the case should be remanded because the claims are not preempted by § 301.

    Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A civil action filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The notice of removal "shall be filed within 30 days after the receipt by the defendant" of the initial pleading or

the summons, or, if the case as stated is not removable, "within 30 days after receipt by the defendant" of "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3).

However, there is a "strong presumption" against removal jurisdiction, and the removal statutes are construed restrictively. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. 1447(c).

The Supreme Court has interpreted LMRA § 301 to compel the complete preemption of state law claims brought to enforce collective bargaining agreements. Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 560 (1968). The Court has also expanded § 301 preemption to include cases the resolution of which "is substantially dependent upon analysis of the terms of [a collective bargaining agreement]." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985); see also Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 689-90 (9th Cir. 2001) (as amended); Balcorta v. Twentieth-Century Fox Film Co., 208 F.3d 1102, 1107-08 (9th Cir. 2000).

Nonetheless, § 301 preemption "is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 408-09 (1988); see also Livadas v. Bradshaw, 512 U.S. 107, 122 (1994). Thus, "not every claim which requires a court to refer to the language of a labor-management agreement is necessarily preempted." Associated Builders & Contractors, Inc. v. Local 302 Int'l Bhd. of Elec. Workers, 109 F.3d 1353, 1357 (9th Cir. 1997) (as amended).

A claim brought in state court on the basis of a state-law right that is "independent of rights under the [CBA]" will not be preempted, even if "a grievance arising from 'precisely the same set of facts' could be pursued." Livadas, 512 U.S. at 123 (citations omitted). In addition, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Id. at 124 (citing Lingle, 486 U.S. at 413, n.12).

Plaintiff makes two main arguments in support of the motion – that the removal was untimely, and that the doctrine of complete preemption does not apply. As noted above, § 1446 provides two 30-day periods during which a defendant may remove an action. The first 30-day requirement applies only if the case stated by the original pleading is removable on its face. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). The second 30-day requirement applies only if it becomes apparent, from a "pleading, motion, order, or other paper" that the case is removable. See id.; see also Riggs v. Continental Baking Co., 678 F.Supp. 236, 238 (N.D. Cal. 1988). If neither of these requirements applies, the initial 30-day clock does not run – even where the removing party has possession of documents that provide grounds for preemption. See Harris, 425 F.3d at 695-97. In the present case, it is undisputed that the basis for removal does not appear on the face of the complaint, and that there was no "other paper" filed or otherwise presented by the plaintiff in the state court case that provided a basis for removal.

Thus, as the notice of removal was not untimely, the sole remaining question is whether the case was properly removed under the doctrine of complete preemption. In determining whether a cause of action is preempted by § 301, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059-60 (9th Cir. 2007). If the right exists solely as a result of the CBA, the claim is preempted, and the court's analysis ends there. If, however, the right exists independently of the

3

CBA, the court must still consider whether it is nevertheless "substantially dependent on analysis of a collective-bargaining agreement." Id. (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987)); see also Lueck, 471 U.S. at 213.

To determine whether a particular right inheres in state law or is grounded in a CBA, the court must consider "the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." Burnside, 491 U.S. at 1060 (citing Livadas, 512 U.S. at 123). A defendant's reliance on the CBA as an aspect of a defense is not enough to "inject[ ] a federal question into an action that asserts what is plainly a state-law claim." Id. (citing Caterpillar, 482 U.S. at 398-99. Here, the claims asserted by plaintiff involve rights conferred by state law, not by the CBA. The state law claims are independent of rights conferred by the CBA, and thus, are not preempted under the first prong of the Burnside test.

Under the second part of the test, if "the right exists independently of the CBA," the court must still consider whether resolving the dispute is nevertheless "substantially dependent on the analysis of a collective-bargaining agreement." Id. at 1059 (citing Caterpillar, 482 U.S. at 394). To determine whether a state-law right is "substantially dependent" on the terms of a CBA, the court must decide whether the claim can be resolved by "look[ing] to" versus interpreting the CBA. Id. at 1060 (citing Livadas, 512 U.S. at 125). "If the latter, the claim is preempted; if the former, it is not." Id. That is, "[a] state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." Cramer, 255 F.3d at 692-93.

Here, resolution of plaintiff's state-law claims will not require interpretation of the CBA, and thus the claims are not preempted by § 301. Notwithstanding Royal Laundry's attempt to pick apart the CBA and create "triable issues" with regard to the meaning of the terms in the CBA, it has pointed to nothing that is ambiguous or that would have to be interpreted in order to resolve the state-law claims. The court agrees with plaintiff that

4

the question whether the statutory exemptions apply may be raised as a defense by Royal Laundry, but does not provide a basis for § 301 preemption.  See Gregory v. SCIE, LLC, 317 F.3d 1050, 1052 (9th Cir. 2003) (federal law defense to a state law claim does not confer jurisdiction on the federal court).

In according with the foregoing, the court finds that plaintiff's motion must be GRANTED and the case must be REMANDED to the San Mateo County Superior Court. The date for the hearing on the motion, previously set for March 16, 2016, is VACATED.

**IT IS SO ORDERED.**

March 10, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge